## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**RANDY TYREASE JOY,**

     Plaintiff,

-vs-

**SCOTT GODAIR, JORDAN MURDOCK,
CITY OF MASON, and TROOPER D. SPENCER,
in their individual and official capacities,**

     Defendants.

CASE NO.
HON.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>KIMBERLEY A. KOESTER (P48967)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com<br>kimberley.koester@cjtranor.com | |
|---|---|

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT

     **NOW COMES** Plaintiff, **RANDY TYREASE JOY**, by and through his attorneys, CHRISTOPHER TRAINOR AND ASSOCIATES, and for his Complaint against the above-named Defendants, states as follows:

1

1. Plaintiff is a resident of the City of Lansing, County of Ingham, State of Michigan.

2. Defendant City of Mason is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendants Scott Godair and Jordan Murdock, are or were a police officers working and/or assigned to the City of Mason's Police Department and were acting under color of law, in their individual and official capacity, and in the course and scope of their employment at all times mentioned herein.

4. Defendant Trooper D. Spencer is or was a police officer working and/or assigned to the Michigan State Police, was acting under color of law, in his individual and official capacity, and in the course and scope of his employment at all times mentioned herein.

5. All events giving rise to this lawsuit occurred in the City Mason, County of Ingham, State of Michigan.

6. This lawsuit arises out of Defendants' violations of Plaintiff' federal constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983. Plaintiff also brings claims under state law.

7.   Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

8.   The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

9.   Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

10.   Plaintiff, on March 12, 2014 was driving on US-27 in the City of Mason and was pulled over by Defendants Scott Godair and Jordan Murdock.

11.   Plaintiff had been dropping a friend off, and was followed by Scott Godair and Jordan Murdock when he exited the highway. When Plaintiff re-entered the highway, Defendants were again following Plaintiff with bright lights.

12.   Plaintiff attempted to move out the way of the police vehicle and away from the bright lights, and was changing lanes.

13.   Defendants Scott Godair pulled Plaintiff over with flashing lights.

14.   Defendant Scott Godair ordered Plaintiff out of the car, and when asked why, he claimed to smell marijuana.

15.   Defendant Godair became threatening, despite the fact that Plaintiff is a medical marijuana patient and produced a valid medical marijuana card.

16.    Plaintiff asked for a supervisor, and Defendant Godair called for backup, and Defendants Murdock and Spencer arrived in separate vehicles.

17.    Plaintiff was removed from his vehicle, and his vehicle was searched by Defendants *without Plaintiff's consent or without probable cause.*

18.    Defendants found lawful marijuana and a gun in the vehicle. The gun was stored in the glovebox and was not in plain sight.

19.    Plaintiff was arrested and taken to the Mason Jail, and jailed for over ten days.

20.    Plaintiff's vehicle was destroyed, by the search, including breaking the back of one of his seats.

21.    Plaintiff's wrists were injured by the handcuffs being placed too tightly, and despite requests, the handcuffs were not loosened or removed until booking. He requested medical care in the jail for his wrists, but was denied.

22.     Plaintiff was charged with carrying a concealed weapon, possession of a weapon by a felon, felony firearm, and illegally transporting marijuana since it was not locked in a box, and illegal possession of a gun. A ticket was also written for improper lane use.

23.    However, the prosecutor dismissed the charges in the criminal matter in Ingham County Circuit Court on May 28, 2014.

## COUNT I
## FALSE ARREST/FALSE IMPRISONMENT

24. Plaintiff realleges and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

25. That Defendants Scott Godair, Jordan Murdock and D. Spencer caused the arrest and/or imprisonment of Plaintiff without any legal justification and/or probable cause.

26. That Defendants Scott Godair, Jordan Murdock and D. Spencer did cause Plaintiff to be held against his will and/or imprisoned without any legal justification and/or probable cause.

27. That Defendants Scott Godair, Jordan Murdock and D. Spencer restricted Plaintiff' liberties against his will.

28. Defendants Scott Godair, Jordan Murdock and D. Spencer actions were without legal justification and/or probable cause.

29. As a result of Defendants Scott Godair, Jordan Murdock and D. Spencer's actions, Plaintiff suffered injuries and damages.

30. Defendants Scott Godair, Jordan Murdock and D. Spencer's actions were so egregious and so outrageous that Plaintiff' damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

**COUNT II**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § EXCESSIVE FORCE**

31.   Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

32.   At all times relevant herein, Defendants Scott Godair, Jordan Murdock and D. Spencer were acting under color of law and acting within the course and scope of their employment.

33.   As a result of the conduct complained of herein, Plaintiff suffered deprivation of clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to the right to be free from a deprivation of liberty, property, bodily security and integrity without due process of law, and the right to be free from unreasonable searches and seizures.

34.   That Defendants Scott Godair, Jordan Murdock and D. Spencer violated Plaintiff's clearly established and federally protected rights by using excessive physical force against him in handcuffing.

6

35. Defendants Scott Godair, Jordan Murdock and D. Spencer's acts were at all times objectively unreasonable, and in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

36. As a result of Defendants Scott Godair, Jordan Murdock and D. Spencer's violation/deprivation of Plaintiff' constitutional rights, Plaintiff has viable claims for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

<u>**COUNT III**</u>
<u>**VIOLATION OF THE FOURTH AMENDMENT**</u>
<u>**42 U.S.C. § 1983 WARRANTLESS SEARCH AND SEIZURE WITHOUT**</u>
<u>**PROBABLE CAUSE**</u>

37. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

38. That the Fourth and Fourteenth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures and excessive force.

7

39.    At all material times, Defendants Scott Godair, Jordan Murdock and D. Spencer acted under color of law and unreasonably when they violated Plaintiff' Fourth Amendment rights and seized Plaintiff without probable cause or exigent circumstances.

40.    At all material times, Defendants Scott Godair, Jordan Murdock and D. Spencer acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights and illegally searched within Plaintiff's vehicle and Plaintiff's person and seized his vehicle and other possessions.

41.    Defendants Scott Godair, Jordan Murdock and D. Spencer acted unreasonably and failed in their duty when they falsely arrested/detained/seized Plaintiff.

42.    Defendants Scott Godair, Jordan Murdock and D. Spencer acted under color of law and are not entitled to qualified immunity because they violated Plaintiff' clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

43.    Defendants Scott Godair, Jordan Murdock and D. Spencer's illegal and unconstitutional acts were the direct and proximate cause of Plaintiff' deprivation of their Fourth Amendment rights.

44. Due to Defendants Scott Godair, Jordan Murdock and D. Spencer's actions, Plaintiff' Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

<u>**COUNT IV**</u>
<u>**VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT 42 U.S.C. § 1983—DENIAL OF MEDICAL TREATMENT**</u>

45. Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

46. The Due Process Clause of the Fourteenth Amendment imposes a duty on police officials to take reasonable measures to guarantee the safety of those under their care.

47. Defendants Scott Godair, Jordan Murdock and D. Spencer violated Plaintiff' federally protected rights by improperly handcuffing Plaintiff and causing injury, and denying medical care for Plaintiff.

9

48. Defendants Scott Godair, Jordan Murdock and D. Spencer were at all times acting under color of law, within the course and scope of their employment, and in their individual and official capacities.

49. Defendants Scott Godair, Jordan Murdock and D. Spencer acted maliciously and sadistically for the sole purpose of causing harm to Plaintiff and/or with deliberate indifference to Plaintiff' constitutional rights.

50. Plaintiff suffered injuries and damages as a result of Defendants Scott Godair, Jordan Murdock and D. Spencer's failure to guarantee the physical safety of Plaintiff.

51. At the time of the incidents alleged in this Complaint, it was clearly established that the Due Process Clause of the Fourteenth Amendment prohibited the unnecessary and wanton infliction of pain through the improper use of handcuffs and denial of medical care to Plaintiff.

52. As a proximate result of Defendants violation and/or deprivation of Plaintiff' constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## COUNT V
## MALICIOUS PROSECUTION

53.   Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

54.   Defendants falsely arrested and caused/instituted criminal proceedings to be brought against Plaintiff in this matter.

55.   Defendants had no probable cause to believe that the proceedings against Plaintiff could succeed.

56.   Defendants instituted and caused charges and proceedings to be brought against Plaintiff by submitting false, misleading, and/or incomplete testimony and/or evidence.

57.   That the charges brought against Plaintiff were dismissed.

58.   That as a result of Defendants maliciously bringing charges against Plaintiff, Plaintiff sustained damages.

59.   In addition, pursuant to MCLA 600.2907, civil liability shall attach to the Defendants who for vexation and trouble maliciously caused and/or procured the Plaintiff to be arrested and to proceed on charges against Plaintiff in which

11

he had no probable cause to arrest or no probable cause to proceed with the charges.

60.  That Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to treble damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT VI
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 MALICIOUS PROSECUTION

61.  Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

62.  At all material times herein, Defendants charged Plaintiff with spurious crimes and instituted criminal proceedings against Plaintiff which concluded in his favor.

63.  As stated above, Defendants had no actual knowledge or probable cause to believe that the charges brought against Plaintiff would succeed and acted unreasonably when they initiated a malicious prosecution of Plaintiff in which the charges were dismissed.

12

64.    Defendants manufactured probable cause, lied, failed to disclose information exonerating Plaintiff, and wrongfully initiated criminal proceedings against Plaintiff.

65.    Defendants were the initiators of Plaintiff's wrongful prosecution by unlawfully seizing him and charging him with bogus crimes, thereby causing damages.

66.    Defendants knew that they falsely and recklessly built a case against Plaintiff and this exemplified their callous indifference to Plaintiff's life and liberty.

67.    Defendants' actions were the direct and proximate cause of Plaintiff's malicious prosecution, which violates his Fourth Amendment rights.

68.    Pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests that this Court award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT VII
## CITY OF MASON'S CONSTITUTIONAL VIOLATIONS

69.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

70.     Defendant City of Mason acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in violations to Plaintiff.

71.     These customs, policies, and/or practices included but were not limited to the following:

a.     Failing to supervise officers to prevent violations of citizens' constitutional rights;

b.     Failure to adequately train officers to properly identify themselves to citizens at traffic stops;

c.     Failure to adequately train officers regarding safeguarding citizens during arrests;

d.     Failing to adequately train and/or supervise officers regarding the proper use of force;

e.     Failing to adequately train and/or supervise officers regarding legal searches;

f.     Failing to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

14

g.    Failing to supervise, review, and/or discipline officers whom Defendant City of Mason knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct;

h.    Failing to require compliance of its officers and/or employees with established policies and/or procedures and/or rules of the City of Mason and discipline or reprimand officers who violate these established policies;

i.    Failing to protect detainees/arrestees.

72.   Acting intentionally and with deliberate indifference to the obvious and/or know risks posed by its officers and personnel acting in conformity with these policies, customs, and/or practices, to detainees and/or arrestees, Defendants Scott Godair, Jordan Murdock and D. Spencer practiced and/or permitted customs and/or policies that resulted in the violations of Plaintiff' constitutional rights complained of herein.

73.   At the time of the incident complained of herein, it was clearly established that the Fourth Amendment prohibited the use of objectively unreasonable force and prohibited illegal searches.

74. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and Fourteenth Amendment rights and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**<u>s/Kimberley A. Koester</u>**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
KIMBERLEY A. KOESTER (P48967)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 866-8650
amy.derouin@cjtrainor.com
kimberley.koester@cjtrainor.com

Dated: February 18, 2016
KAK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**RANDY TYREASE JOY,**

        Plaintiff,

CASE NO.
HON.

-vs-

**SCOTT GODAIR, JORDAN MURDOCK,
CITY OF MASON, and TROOPER D. SPENCER,
in their individual and official capacities,**

        Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES <br> CHRISTOPHER J. TRAINOR (P42449) <br> AMY J. DEROUIN (P70514) <br> KIMBERLEY A. KOESTER (P48967) <br> Attorneys for Plaintiff <br> 9750 Highland Road <br> White Lake, MI 48386 <br> (248) 886-8650 <br> amy.derouin@cjtrainor.com <br> kimberley.koester@cjtranor.com | |

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, **RANDY TYREASE JOY**, by and through his attorneys, CHRISTOPHER TRAINOR AND ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/Kimberley A. Koester**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
KIMBERLEY A. KOESTER (P48967)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 866-8650
amy.derouin@cjtrainor.com
Kimberley.koester@cjtrainor.com

Dated: February 18, 2016
KAK