UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY TYREASE JOY,

          Plaintiff,

                                        Case No. 1:16-cv-187

v.

                                        HON. ROBERT HOLMES BELL

SCOTT GODAIR, et al.,

          Defendants.

_____/

## OPINION

Plaintiff brings an action alleging civil rights violations under 28 U.S.C. § 1983. The matter is before the Court on Defendants Godair, Murdock, and the City of Mason's motion to dismiss, or in the alternative, motion for summary judgment. (ECF No. 37.) Plaintiff has filed a response (ECF No. 48), and Defendants have filed a reply (ECF No. 49).

### I.

On March 12, 2014, Defendant Godair, an officer with the City of Mason Police Department, saw Plaintiff's car traveling on US-127 in the passing lane without passing any cars. After several minutes, Defendant Godair pulled over the car. When Plaintiff rolled down his window, Defendant Godair smelled marijuana. Plaintiff gave Defendant Godair his license, registration, and proof of insurance. Defendant Godair then asked Plaintiff to step out of the vehicle, and Plaintiff refused. Plaintiff gave Defendant Godair his medical marijuana card, and again, refused to step out of the vehicle. Defendant Godair returned to

his vehicle to wait for back up.  Defendant Murdock, a Mason police officer, and Defendant Spencer, a Michigan State trooper, then arrived.  The officers approached Plaintiff's car, and asked Plaintiff to step out.  Plaintiff complied, and Defendant Godair patted him down but no weapons were found.  Defendant Godair asked Plaintiff if there was any marijuana in the car.  At first Plaintiff denied this, but then he responded, "I might have a roach in there." Defendant Godair searched the car for marijuana, including a locked glove box where Defendant Godair found a handgun.  After finding the handgun, Defendants Godair and Spencer placed Plaintiff in handcuffs.  Defendant Godair continued to search the car and found a bag of marijuana in between the passenger seat and the console.  He also found two alcohol bottles on the floor of the backseat.  The passenger explained that the alcohol was hers, but the marijuana belonged to Plaintiff.  Defendants told Plaintiff that he was under arrest for a concealed-weapon violation and possession of marijuana, and took him to Ingham County Jail.  Defendant Godair's dash camera recorded most of this interaction.  Upon arrival at the jail, Defendant Godair removed Plaintiff's handcuffs, and transferred custody of Plaintiff to the Ingham County Sheriff's Department.  He also gave Plaintiff a ticket for improper lane use.  During a pat-down search at the jail, a small amount of marijuana was found in one of Plaintiff's pockets.

The Ingham County Prosecutor's Office authorized a four-count felony warrant.  A magistrate judge signed and validated the warrant, and set a $45,000 bond.  Defendant Godair testified at the preliminary examination, and the court found that there was probable

cause for all counts.  Two months later, the Chief Deputy Assistant Prosecutor signed a motion for *nolle prosequi* for all charges, and the court granted the motion to dismiss the case with prejudice.

On July 5, 2016, the Chief Assistant Prosecutor for Ingham County sent a letter to the Mason Police Chief, which explained why the office dismissed Plaintiff's charges in 2014. In April of 2014, the Ingham County Prosecutor issued a memorandum to all police agencies regarding the constitutionality of the transporting marijuana statute, Mich. Comp. Laws § 750.474.  He explained that, on March 4, 2014, a district court judge in Ingham County found that this statute was unconstitutional.  He also indicated that, moving forward, the Ingham County Prosecutor's Office would not support a finding of violation of transporting marijuana as a basis for a stop, detention, or further search.

## II.

Defendants filed a motion to dismiss under Rule 12(c), or alternatively, a motion for summary judgment under Rule 56.  (ECF No. 36.)  "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d). Thus, because the Court will consider matters outside of the pleadings, it will construe this as a motion for summary judgment.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party."  *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)).  Nonetheless, a "plaintiff must do more than rely merely on the allegations of her pleadings or identify a 'metaphysical doubt' or hypothetical 'plausibility' based on a lack of evidence; [a plaintiff] is obliged to come forward with 'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits[.]'" *Chappell v. City of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586-87).  The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

## III.

In Plaintiff's complaint, he raises several violations of the Fourth and Fourteenth Amendments, as well as violations of Michigan law.  In Count One, he alleges false arrest and false imprisonment under Michigan law.  In Count Two, he alleges a Fourth Amendment

excessive-force claim relating to the force used while handcuffed.  In Count Three, Plaintiff alleges a warrantless search and seizure in violation of the Fourth Amendment.  In Count Four, he alleges a Fourteenth Amendment excessive-force claim for handcuffing and a claim of denial of medical treatment for alleged injuries from the handcuffs.  In Count Five, he alleges a malicious prosecution claim under state law.  In Count Six, he alleges a Fourth Amendment malicious prosecution claim.  Finally, in Count Seven, he alleges a *Monell* claim for liability against the City of Mason.

### A. Qualified Immunity

Defendants argue that Officers Godair and Murdock are entitled to qualified immunity on all of Plaintiff's federal claims.  Qualified immunity is an affirmative defense that extends to government officials performing discretionary functions.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982).  Government officials acting within the scope of their authority are entitled to qualified immunity as long as their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Id.* at 818.  It protects "all but the plainly incompetent or those who knowingly violate the law." *Humphrey v. Mabry*, 482 F.3d 840, 847 (6th Cir. 2007).  The Sixth Circuit applies a two-part test to determine whether a government official is entitled to the defense of qualified immunity: (1) whether the plaintiff has shown a violation of a constitutionally-protected right; and, if so, (2) whether that right was clearly established such that a reasonable official would have understood that his behavior violated that right. *Shehee v. Luttrell*, 199 F.3d 295,

299-300 (6th Cir. 1999). The purpose of the clearly-established prong is to ensure that officials are on notice that their alleged conduct was unconstitutional. *Baynes v. Cleveland*, 799 F.3d 600, 610 (6th Cir. 2015) (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). The salient question is "'whether the state of the law [at the time of the action giving rise to the claim] gave respondents fair warning that their alleged treatment of [the plaintiff] was unconstitutional.'" *Id.* (quoting *Hope*, 536 U.S. at 741). In other words, "in the light of pre-existing law the unlawfulness must be apparent." *Hope*, 536 U.S. at 739 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

After a defendant raises a qualified-immunity defense, the burden shifts to the plaintiff to demonstrate that the government official violated a right that was so clearly established "that every 'reasonable official would have understood that was he [was] doing violate[d] that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson*, 483 U.S. at 640). At a minimum, to survive a motion for summary judgment, a plaintiff must "offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which [a] jury could reasonably find for the plaintiff." *McDonald v. Flake*, 814 F.3d 804, 812 (6th Cir. 2016) (quoting *Anderson*, 477 U.S. at 252). Thus, if the Court determines that the Plaintiff's evidence "would reasonably support a jury's finding that the defendant violated a clearly established right, the court must deny summary judgment." *Id.* (citing *DiLuzio v. Vill. of Yorkville*, 796 F.3d 604, 609 (6th Cir. 2015)).

6

**B. Excessive Force and Denial of Medical Treatment Claims**

It is clearly established that excessively-forceful handcuffing violates the Fourth Amendment. *Baynes v. Cleland*, 799 F.3d 600, 613 (6th Cir. 2015) (collecting cases); *see also Walton v. City of Southfield*, 995 F.2d 1331, 1342 (6th Cir. 1993). To establish such a claim, Plaintiff "must offer sufficient evidence to identify a genuine issue of material fact that (1) he complained the handcuffs were too tight; (2) the officer ignored those complaints; and (3) the plaintiff experienced 'some physical injury' resulting from the handcuffing." *Morrison v. Bd. of Trustees of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2000).

Defendants argue that the dash-camera video shows that Plaintiff never complained that the handcuffs were too tight. Plaintiff responds that the video's audio is poor quality, and it is impossible to determine if Plaintiff made a complaint simply from watching the video. When Plaintiff is arrested by Defendants Godair and Spencer in the video, it is difficult to hear whether Plaintiff made a complaint about the tightness of the handcuffs. Plaintiff also explains that the video does not show the entire exchange, and ends when the patrol car pulls inside the sally port at the jail but before Plaintiff is removed from the car. In addition, Plaintiff submitted an affidavit in which he states that he told Defendants that his wrists were injured by the tight handcuffs, but the handcuffs were not removed until he was booked at the jail. (Pl's Resp. Br., Ex. A, ECF No. 48-2, PageID.418.) In this affidavit, Plaintiff also explains that he indicated that his wrists had been harmed, and requested medical treatment, but he was ignored. It appears that there is a genuine dispute of material

fact as to whether Plaintiff complained that the handcuffs were too tight, and there is evidence that would reasonably support a jury's finding that Defendant Godair violated this clearly-established right. Therefore, Defendant Godair is not entitled to qualified immunity on this claim.

In addition, Plaintiff raises Fourteenth Amendment claims for tight handcuffs and refusal to provide medical care while in jail. The Sixth Circuit has consistently held that the Fourth Amendment, not the Fourteenth Amendment, prohibits unduly-tight handcuffing during an arrest. *Baynes*, 799 F.3d at 610. Thus, Plaintiff has not established that this claim is a clearly-established right under the Fourteenth Amendment, and Defendants are entitled to qualified immunity.

Moreover, Plaintiff does not allege that Defendants Godair or Murdock denied him medical care. Rather, he alleges that he requested medical care while in jail. (Compl., ¶ 21, ECF No. 1, PageID.4.) Once Plaintiff was booked at the jail, he was placed under the care and custody of the Ingham County Sheriff. Defendants Godair and Murdock are not employees of the Ingham County Sheriff, and do not have control or authority over operations at the jail. Plaintiff has not pleaded that Defendants Godair or Murdock deprived him of medical care or that they were deliberately indifferent to his medical needs, let alone supported this claim with specific facts to survive a motion for summary judgment. Thus, this claim is dismissed against Defendants Godair and Murdock.

## C. Illegal Search and Seizure Claim

Defendants argue that, given the undisputed facts and circumstances, a reasonable officer would not have believed that the search of the car violated any clearly-established constitutional rights.  In order for a right to be clearly established, the "question must be decided by either the highest state court in the state where the case arose, by a United States Court of Appeals, or by the Supreme Court." *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988). At the time of Defendants' actions, there were no Supreme Court, Sixth Circuit, or Michigan Supreme Court decisions holding that Mich. Comp. Laws § 750.474, one of the statutes under which Plaintiff was charged, was unconstitutional.  Plaintiff argues that, because there was a binding district court decision prior to Plaintiff's arrest, Defendants are not entitled to qualified immunity.  Yet Plaintiff cites no higher authority in support of this argument.

An officer may legally stop a car if he has probable cause to believe that a civil traffic violation has occurred.  *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) (citing *United States v. Sanford*, 476 F.3d 391, 394 (6th Cir. 2007)).  After a lawful traffic stop, an officer's "detection of the smell of marijuana in an automobile can by itself establish probable cause for a search" of the car under the automobile exception.  *United States v. Elkins*, 300 F.3d 638, 659 (6th Cir. 2002).  Once an officer has probable cause to search a vehicle, the officer can search any containers in the vehicle, as long as they are within the

9

scope of the search and the officer has probable cause to believe that they contain contraband or evidence. *See California v. Acevedo*, 500 U.S. 565, 579-80 (1991) (citing *United States v. Ross*, 465 U.S. 798, 824 (1982)). This includes locked compartments in automobiles, like a glove box. *See Acevedo*, 500 U.S. at 581 (Scalia, J., concurring); *see also United States v. Galaviz*, 645 F.3d 347, 357 (2011) (collecting cases to show that the automobile exception provides officers with the authority to enter a locked car).

Plaintiff already fully litigated whether Defendant Godair had probable cause for the initial traffic stop. He fought the ticket at a formal hearing, cross-examined Defendant Godair, and had the opportunity to present witnesses and make argument. He was found responsible for traffic citation, and paid the ticket. (Hr'g Tr., ECF No. 37-9.) As a result, Plaintiff is collaterally estopped from arguing lack of probable cause for the traffic stop. *See Coogan v. City of Wixom*, 820 F.2d 170, 174-75 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869, 874 (6th Cir. 2001); *see also Pinckney v. Traviglia*, No. 1:11-CV-290, 2012 WL 4464562, at *9 (W.D. Mich. Sept. 26, 2012) (holding that a civil infraction ticket precluded a later challenge in a § 1983 action for lack of probable cause under the doctrine of collateral estoppel). Thus, there is no genuine dispute of material fact that Defendant Godair had probable cause for the initial traffic stop.

During the lawful traffic stop, Defendant Godair smelled marijuana coming from inside Plaintiff's car. This provided probable cause to search the car for contraband under the automobile exception. *See Caroll v. United States*, 267 U.S. 132, 153 (1925); *see also*

10

*Stacey v. Emery*, 97 U.S. 642, 645 (1878) (defining probable cause as "[i]f the facts and circumstances before the officer are such to warrant a man of prudence and caution in believing that the offense has been committed, it is sufficient").   Although Plaintiff showed Defendant Godair his medical marijuana card, under Mich. Comp. Laws § 750.474,  it was still unlawful to transport marijuana in the passenger compartment of a motor vehicle.  It was also illegal under federal law to possess or transport marijuana, regardless of the medical marijuana card.  *See United States v. Oakland Cannabis Buyers' Co-op*, 532 U.S. 483, 491 (2001) (holding that no implied medical necessity exception exists to the Controlled Substances Act's marijuana prohibitions).  At the preliminary examination, Defendant Godair testified that he smelled marijuana coming from the car.  Moreover, during the dash-camera video, Plaintiff admits to smoking marijuana in his car earlier that day, and explains that there may be a leftover "roach" in the car.  Based on such evidence, a man of prudence and caution would believe that an offense has been committed.

Further, during the video, Defendant Godair questioned Plaintiff as to why his glove box was now locked when it had been unlocked a few minutes earlier when Plaintiff retrieved his registration and insurance.  (ECF No. 37-3.)  Under the totality of the circumstances, Defendant Godair had probable cause to search the locked glove box for marijuana given the smell of marijuana in the car, Plaintiff's admission that there may be a roach in the car, and the fact that Plaintiff locked the glove box after he was stopped.  Plaintiff admitted that he had the key to the glove box in his pocket.  Although Plaintiff said

that he did not authorize the search of the glove box, Defendant Godair had probable cause to search it, so he did not need Plaintiff's consent. Plaintiff has failed to show that the search violated Plaintiff's clearly-established Fourth Amendment rights. Thus, Defendants Godair and Murdock are entitled to qualified immunity on this claim.

### D. Malicious Prosecution Claim

To establish a malicious prosecution claim under the Fourth Amendment, Plaintiff must show (1) a criminal prosecution was initiated against him and Defendants made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the prosecution; (3) as a consequence of the legal proceeding, Plaintiff suffered a deprivation of liberty, apart from the initial seizure; and (4) the criminal proceeding was resolved in Plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (internal citations omitted).

In an attempt to establish a lack of probable cause for prosecution, Plaintiff makes the same arguments as his illegal search and seizure claim. As discussed above, Defendant Godair had probable cause to justify the search of Plaintiff's car. Moreover, at the preliminary examination, the magistrate judge found probable cause for all counts. (Prelim. Examination Hr'g Tr., ECF No. 37-5, PageID.262.) There is no genuine dispute of material fact as to whether there was probable cause for the prosecution, so Plaintiff's Fourth Amendment malicious-prosecution claim is dismissed.

### E. Plaintiff's State Law Claims

Plaintiff also alleges two state-law claims for false arrest and imprisonment, and malicious prosecution.  In Michigan, governmental immunity is available if a defendant can show (1) that he was acting in the course of his employment and at least reasonably believed that he was acting within the scope of his authority, (2) his actions were discretionary, and (3) he acted in good faith.  *Odom v. Wayne Cty.*, 760 N.W.2d 217, 218 (Mich. 2008).

"Under Michigan law, '[t]o prevail on a claim of false arrest or false imprisonment, a plaintiff must show that the arrest was not legal, i.e. the arrest was not based on probable cause.'"  *Hoover v. Walsh*, 682 F.3d 481, 501 (6th Cir. 2012) (quoting *Peterson Novelties, Inc. v. City of Berkley*, 672 N.W.2d 351 (Mich. Ct. App. 2003)).  "'If the arrest was legal, there has not been a false arrest or false imprisonment,' regardless of the possibility of conviction."  *Id.*  As discussed above, Defendant Godair had probable cause to search Plaintiff's car.  Upon searching the car, Defendant Godair found a handgun in the locked glove box, in violation of Mich. Comp. Laws § 750.227, carrying a concealed weapon, and Mich. Comp. Laws § 750.224f, possession of a firearm by a felon.  After finding the handgun, Defendants Godair and Spencer arrested Plaintiff.  This was a lawful arrest, supported by probable cause. *See United States v. Watson*, 423 U.S. 411, 423-24 (1976) (holding that a warrantless public arrest based on probable cause did not violate the Fourth Amendment).  There is no genuine dispute of material fact as to whether Plaintiff was falsely

arrested or falsely imprisoned.  Therefore, this claim is dismissed against Defendants Godair and Murdock.

In Michigan, to support a malicious prosecution claim, Plaintiff "must show an absence of probable cause, and he must show 'malice.'" *Newman v. Twp. of Hamburg*, 773 F.3d 769, 773 (6th Cir. 2014) (citing *Matthews v. Blue Cross & Blue Shield of Mich.*, 572 N.W.3d 603, 609-10 (Mich. 1998)).  Malice requires "evidence that the officer 'knowingly sw[ore] to false facts . . . without which there is no probable cause." *Id.* (quoting *Payton v. City of Detroit*, 536 N.W.2d 233, 242 (Mich. 1995)).  It is more demanding than establishing mere recklessness. *Id.*  Plaintiff's state-law malicious prosecution fails for the same reason as his Fourth Amendment claim; there is no genuine dispute of material fact that there was probable cause for Plaintiff's prosecution.  In addition, Plaintiff has not introduced evidence to show malice.  Thus, this claim is dismissed against Defendants Godair and Murdock.

Moreover, Defendants acted in the course of their employment, reasonably believed that they were acting within the scope of their authority, performed discretionary acts, and acted in good faith.  Therefore, Defendants are also entitled to governmental immunity on both claims.

### F. Claims against Defendant Murdock

An officer may only be liable under § 1983 for his own unconstitutional behavior. *See Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is

required for a supervisor to incur personal liability.") Plaintiff has not shown any constitutional violation as to Defendant Murdock—he did not arrest or handcuff Plaintiff, search Plaintiff's car, or transport Plaintiff to the jail. Plaintiff has failed to support any of his allegations against Defendant Murdock such that a jury could find in favor of Plaintiff. Thus, all of Plaintiff's claims against Defendant Murdock are dismissed.

### G. Municipal Liability Under *Monell*

A municipality can be liable under § 1983 only where its policies are the "moving force [behind] the constitutional violation." *Monell v. NYC Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). As such, a local governing body "may not be sued under §1983 for an injury inflicted solely by its employees or agents." *Id.* Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those who edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* In addition to policy or custom, the inadequacy of police training may serve as a basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *Canton v. Harris*, 489 U.S. 378, 388 (1989). The question is "whether the training program is adequate; and if it is not, the question becomes whether such inadequate training can justifiably be said to represent 'city policy.'" *Id.* at 390.

15

Moreover, *Monell* liability attaches only to constitutional violations, and not to state-law violations. *See Monell*, 436 U.S. at 691.  Although the state district court held that Mich. Comp. Laws § 750.474 was unconstitutional, it did not determine that the law violated due process or any other federal rights.  Rather, the court held that the statute violated the Michigan constitution. As such, any claims for liability to the city arising from this state-court decision are not available under *Monell*.

In his complaint, Plaintiff alleges that the city's customs, practices, and policies, including failure to supervise, train, control, and/or discipline officers, show that it acted recklessly or with deliberate indifference to constitutional rights.  But Plaintiff has failed to show facts supporting a constitutional violation against individual officers with respect to Plaintiff's claims of illegal search and seizure, denial of medical care, and malicious prosecution.  Without a constitutional violation by an individual officer, Plaintiff cannot succeed in his claim against the city.  *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).  Therefore, these claims are dismissed against the city.

Although there is a genuine dispute of material fact as to Plaintiff's excessive force claim against Defendant Godair, Plaintiff relies upon conclusory, boilerplate language alleging the city's failure to train and supervise on the proper use of force.  Plaintiff argues that he has satisfied the minimum pleading requirements, and he should be allowed to finish discovery.  However, Plaintiff has not pleaded facts that would allow the Court to draw the

reasonable inference that the city has acted unlawfully, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), nor has he presented any facts to support his conclusory allegation.  Thus, the city's motion for summary judgment is granted.

## IV.

To conclude, the Court will grant Defendants Godair, Murdock, and the City of Mason's motion for summary judgment on Counts 1, 3, 4, 5, 6, and 7.  Plaintiff's Fourth Amendment excessive-force claim in Count 2 remains because there is a genuine dispute of material fact as to whether Defendants violated Plaintiff's clearly-established constitutional rights.  Defendant Spencer did not join the motion nor has he filed his own motion for summary judgment, so the claims against him will remain even though it appears that the Court's above analysis would apply equally to his conduct.

An order will enter in accordance with this opinion.

Dated: <u>December 19, 2016</u>                          <u>/s/ Robert Holmes Bell</u>
                                                                                ROBERT HOLMES BELL
                                                                                UNITED STATES DISTRICT JUDGE

17